### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### EASTERN DISTRICT OF TENNESSEE

In re

LISA A. GOODE
a/k/a LISA O'NEIL

Case No. 10-31760

Debtor

DOVER O'NEIL

Plaintiff

v.    Adv. Proc. No. 10-3093

LISA A. GOODE

Defendant

## MEMORANDUM ON
## MOTION FOR SUMMARY JUDGMENT

APPEARANCES:    DOVER O'NEIL
 613 Balsam Drive
 Knoxville, Tennessee 37918
 Plaintiff, *Pro se*

 GAIL F. WORTLEY, ESQ.
 3715 Powers Street
 Knoxville, Tennessee 37917
 Attorney for Defendant

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

The Plaintiff filed the Complaint commencing this adversary proceeding on September 7, 2010, seeking a determination that a Judgment of the Circuit Court for Knox County, Tennessee in the amount of $24,675.25 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) (2006).[1] The Defendant did not file an Answer but instead, on October 21, 2010, filed the Motion for Summary Judgment by Lisa A. Goode (Motion for Summary Judgment) presently before the court, accompanied by a Statement of Undisputed Material Facts and a memorandum of law as required by E.D. Tenn. LBR 7056-1. Attached to the Statement of Undisputed Material Facts and additionally relied upon by the Defendant is the Affidavit of Lisa A. Goode, incorporating therein the following exhibits: (1) the Petition for Support filed on May 20, 1993, in the Knox County Juvenile Court, initiating *O'Neil v. O'Neil*, No. 0003408531; (2) the Order of Support entered on December 6, 1993, by the Knox County Juvenile Court; (3) various orders of the Knox County Juvenile Court concerning child support and parental issues; (4) the Complaint filed by the Plaintiff against the Defendant on July 13, 2005, in the Knox County Circuit Court, initiating *O'Neil v. O'Neil*, No. 1-378-05; and (5) the Judgment in the amount of $24,675.25 entered against the Defendant on October 13, 2006, in the Knox County Circuit Court. The Plaintiff did not file a response to the Motion for Summary Judgment and, pursuant to E.D. Tenn. LBR 7056-1(b), the Defendant's Statement of Undisputed Material Facts is deemed admitted. Likewise, pursuant to E.D. Tenn. LBR 7007-1(a), his failure to respond is "construed to mean that [he] does not oppose the relief requested by the motion."

This is a core proceeding. 28 U.S.C. § 157(b)(2)(I) (2006).

---

[1] The Defendant was originally represented by counsel; however, his counsel was allowed to withdraw by an Order entered on January 6, 2011, and new counsel has not entered an appearance.

2

I

For the purposes of summary judgment, the following facts are not in dispute. On January 5, 1988, during the parties' marriage, the Defendant delivered a daughter. STMT. OF UNDISP. MAT. FACTS at ¶¶ 2-3; GOODE AFF. at ¶ 2. Although they were married, the parties were separated at the time the child was born, and the Defendant did not list the Plaintiff's name on the birth certificate, having advised him that he might not be the child's father. STMT. OF UNDISP. MAT. FACTS at ¶¶ 3-5; GOODE AFF. at ¶¶ 2-4; COMPL. EX. A. Nevertheless, pursuant to a Petition for Support filed in the Juvenile Court for Knox County, Tennessee, by the State of Tennessee Department of Human Services on May 20, 1993, an Order of Support was entered on October 21, 1993, requiring that the Plaintiff continue current child support payments being made pursuant to a Marital Dissolution Agreement in the amount of $30.00 weekly and granting the Defendant a judgment for a child support arrearage in the amount of $6,120.00. STMT. OF UNDISP. MAT. FACTS at ¶¶ 6-7; GOODE AFF. EX. 1; GOODE AFF. EX. 2. On July 7, 2004, after several appearances by the parties in the Juvenile Court concerning child support issues, it was determined that the Plaintiff had been excluded as the father of the Defendant's daughter by genetic testing. STMT. OF UNDISP. MAT. FACTS at ¶ 8; GOODE AFF. COLL. EX. 3.

Following his exclusion as the child's biological father, the Plaintiff filed a civil action against the Defendant in the Circuit Court for Knox County to recover the child support he had paid to the Defendant through the State of Tennessee, together with interest and attorneys' fees. STMT. OF UNDISP. MAT. FACTS at ¶ 9; GOODE AFF. EX. 4. The Defendant did not obtain counsel or otherwise defend the action, and, on October 13, 2006, a default judgment in the amount of

3

$24,675.25 was entered against her. STMT. OF UNDISP. MAT. FACTS at ¶ 10; GOODE AFF. EX. 5. On April 8, 2010, she filed the Voluntary Petition commencing her Chapter 7 bankruptcy case, receiving a general discharge of her debts on October 15, 2010. STMT. OF UNDISP. MAT. FACTS at ¶ 11. The Plaintiff, who had been scheduled as an unsecured creditor, timely filed the Complaint initiating this adversary proceeding on September 7, 2010, asking the court to find that the Judgment obtained in the Knox County Circuit Court awarding him a judgment in the amount of $24,675.25 is a nondischargeable obligation under 11 U.S.C. § 523(a)(2)(A).

## II

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, amended effective December 1, 2010, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" with the procedures concerning summary judgment now requiring the following:

> (1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

>(3) ***Materials Not Cited***. The court need consider only the cited materials, but it may consider other materials in the record.
>
>(4) ***Affidavits or Declarations***. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED. R. CIV. P. 56(c) (applicable in adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure).[2] When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).

As movant, the Defendant bears the burden of proving that, based upon the record presented to the court, there is no genuine dispute concerning any material fact and that the Plaintiff's claims are factually unsupported, entitling her to judgment as a matter of law. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986); *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the Plaintiff, as the nonmoving party, to prove that there are genuine disputes of material fact for trial; however, reliance solely on allegations or denials contained in the pleadings or a "mere scintilla of evidence in support of the nonmoving party will

---

[2] Courts were authorized, "insofar as just and practicable," to apply the December 1, 2010 amendments to Rule 56 to all pending motions. *See* Apr. 28, 2010 Sup. Ct. Order. As set forth in the Notes of Advisory Committee on 2010 amendments, the standard for granting summary judgment has not changed, and "[t]he amendments will not affect continuing development of the decisional law construing and applying [that standard]." This court's Local Rule 7056-1, effective May 17, 2005, generally contains the same requirements mandated by Rule 56(c), as amended effective December 1, 2010. *See* E.D. Tenn. LBR 7056-1. Here, to the extent amended Rule 56(c) may be considered to impose requirements differing from those imposed by Local Rule 7056-1, the court has adhered to the procedure dictated by the Local Rule.

Case 3:10-ap-03093-rs    Doc 18    Filed 02/08/11    Entered 02/08/11 14:53:34    Desc
                          Main Document        Page 6 of 10

not be sufficient." *Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir. 2006); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). The facts and all resulting inferences are viewed in a light most favorable to the nonmovant, with the court deciding whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512. Nevertheless; "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 106 S. Ct. at 1356 (citations omitted).

Having reviewed the Motion for Summary Judgment, the Statement of Undisputed Material Facts, the supporting documents, and the pleadings, the court finds that, even taking the record in a light most favorable to the Plaintiff, there are no genuine disputes as to any material fact under which the Plaintiff can prove the claims asserted. The Defendant is, therefore, entitled to summary judgment, and a determination that the Judgment entered in the Knox County Circuit Court on October 13, 2006, was discharged on October 15, 2010.[3]

### III

The Plaintiff's Complaint avers that the Judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A) due to misrepresentations by the Defendant concerning the paternity of her daughter, which resulted in years of child support paid by the Plaintiff. Under § 523(a)(2)(A), an individual

---

[3] The Motion for Summary Judgment is premised on the Defendant's contention that the October 13, 2006 default Judgment obtained by the Plaintiff in the Knox County Circuit Court is void because the Judgment was contrary to Tennessee statutory and case law. The court declines to ground its ruling on the Defendant's collateral attack of the Judgment but will resolve the Motion for Summary Judgment on the basis of the Plaintiff's dischargeability claim under § 523(a)(2)(A).

6

is not discharged from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by [] false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]" 11 U.S.C. § 523(a)(2)(A). The court construes § 523(a) liberally in favor of the Defendant and strictly against the Plaintiff, who bears the burden of proving the elements necessary for a determination of nondischargeability by a preponderance of the evidence. *Grogan v. Garner*, 111 S. Ct. 654, 611 (1991); *Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998). In order to satisfy the requirements of § 523(a)(2)(A), the Plaintiff must prove the Defendant obtained money, property, or services through material misrepresentations that she knew were false or she made with gross recklessness, that the Defendant intended to deceive the Plaintiff, that he justifiably relied on the Defendant's false representations, and that the Plaintiff's reliance was the proximate cause of his losses. *McDonald v. Morgan (In re Morgan)*, 415 B.R. 644, 649 (Bankr. E.D. Tenn. 2009).

> "[F]alse pretense" involves implied misrepresentation or conduct intended to create and foster a false impression, as distinguished from a "false representation" which is an express misrepresentation[, while a]ctual fraud "consists of any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another—something said, done or omitted with the design of perpetrating what is known to be a cheat or deception."

*Haney v. Copeland (In re Copeland)*, 291 B.R. 740, 760 (Bankr. E.D. Tenn. 2003) (citations omitted). "False representations and false pretenses encompass statements that falsely purport to depict *current or past facts*," *Peoples Sec. Fin. Co., Inc. v. Todd (In re Todd)*, 34 B.R. 633, 635 (Bankr. W.D. Ky. 1983), and fraudulent intent may be "inferred as a matter of fact" based on the totality of the circumstances when the Defendant has engaged in conduct that was somewhat

7

"blameworthy." *Copeland*, 291 B.R. at 759. Nevertheless, mere negligence or evidence of "[a] 'dumb but honest' [debtor] does not satisfy the test." *Copeland*, 291 B.R. at 766 (quoting *Palmacci v. Umpierrez*, 121 F.3d 781, 788 (1st Cir. 1997)). Likewise,

> a broken promise to repay a debt, without more, will not sustain a cause of action under § 523(a)(2)(A). Instead, central to the concept of fraud is the existence of scienter which, for purposes of § 523(a)(2)(A), requires that it be shown that at the time the debt was incurred, there existed no intent on the part of the debtor to repay the obligation.

*EDM Mach. Sales, Inc. v. Harrison (In re Harrison)*, 301 B.R. 849, 854 (Bankr. N.D. Ohio 2003) (citations omitted); *see also Palmacci*, 121 F.3d at 788 (stating that an honest belief that the representation is true, even if unreasonably so, "is an insufficient basis for deceit."). The court must also find justifiable reliance; i.e., the party seeking a determination of nondischargeability actually relied on the representations and, based upon the facts and circumstances known at the time, their reliance was justifiable. *Morgan*, 415 B.R. at 649. In short, a determination of nondischargeability under § 523(a)(2)(A) requires a plaintiff to prove fraud in the inducement and often comes down to the defendant's conduct prior to, at the time of, and subsequent to the representations at issue and which witnesses are the most credible. *Copeland*, 291 B.R. at 766; *Commercial Bank & Trust Co. v. McCoy (In re McCoy)*, 269 B.R. 193, 198 (Bankr. W.D. Tenn. 2001).

The Plaintiff's child support obligation was established pursuant to an Order of Support from the Knox County Juvenile Court on December 6, 1993, amended pursuant to Orders entered in the Juvenile Court in 1998, 1999, and 2002, and subsequently terminated pursuant to the Findings and Recommendations entered on August 18, 2004, *nunc pro tunc* to July 7, 2004. STMT. OF UNDISP. MAT. FACTS at ¶¶ 6-8; GOODE AFF. EX. 2 - EX. 4. Because he was excluded by genetic testing as

being the child's father, the Plaintiff alleged in the complaint upon which the Judgment is derived that he paid his child support obligation to the Defendant based on her knowing and fraudulent misrepresentations that the Plaintiff was the father of her child. GOODE AFF. EX. 4; COMPL. at ¶¶ 5-6. The record reflects, however, that the Defendant did not list the Plaintiff as the father of her child on the birth certificate and that she had advised the Plaintiff that he might not be the child's father. STMT. OF UNDISP. MAT. FACTS at ¶ 4; GOODE AFF. at ¶ 3; COMPL. at EX. A. These facts have not been disputed or rebutted. Furthermore, the October 21, 1993 Order of Support evidences that the Plaintiff's support obligation arose under the terms of a "M.D.A." (Marital Dissolution Agreement). The Plaintiff, therefore, voluntarily agreed to make these support payments notwithstanding his knowledge that the paternity of the child was in question.

Whether the Defendant knew for certain that the Plaintiff was not the father of her child has not been established and a genuine dispute of material fact remains concerning that question. Nevertheless, based upon the undisputed fact that the Plaintiff had been advised by the Defendant that he might not be the child's father, the fact that the Plaintiff's name was not listed on the child's birth certificate, and the fact that the Plaintiff voluntarily agreed to the child support payments, the court could not reasonably find that the Defendant induced the Plaintiff to pay child support through material misrepresentations. Furthermore, based upon those same undisputed facts, it could not reasonably be determined that the Plaintiff actually and reasonably relied on any representations made by the Defendant, which is additionally required for the Judgment to be nondischargeable under § 523(a)(2)(A). Accordingly, because there are no genuine disputes of material fact that would

permit the Plaintiff to prevail, the Defendant's Motion for Summary Judgment shall be granted, and the Plaintiff's Complaint shall be dismissed.

A Judgment consistent with this Memorandum will be entered.

FILED: February 8, 2011

BY THE COURT

*/s/  RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE